## Michael Madigan

### *vs.*

## Charles A. De Graff.

Memoranda of the accounts of parties to a settlement used by the parties as a basis of the accounting and settlement, are admissible in evidence, as part of the *res gestae*, upon the trial of an action brought by one of the parties against the other to recover a sum alleged to be due, on the ground of a mistake in the settlement.

The verification on the trial of the account presented by one of the parties on the settlement, and used as part of the basis of settlement, without objection by the opposite party, does not render the memorandum of the account used on the settlement incompetent or immaterial evidence, as part of the *res gestae*.

A statement of the defendant's account, furnished to the plaintiff by the agent of the defendant, who conducted a settlement between the parties, during the progress of the settlement, is part of the *res gestae* in the accounting.

Where it appears from all the testimony in the case that particular evidence is proper, although at the time it was received it was not strictly admissible, its reception will not be ground for a new trial.

Whether a witness shall be permitted to refresh his recollection before testifying, is a question of a preliminary nature addressed to the court, and when a witness is permitted to refresh his recollection by referring to proper data, unless there is something to show clearly that the court erred, an appellate court should not grant a new trial.

Where the transactions which were the subjects of inquiry transpired three or four years previous to the trial, and covered a period of a year, and embraced a number of estimates made monthly, and amounts of money paid to the witness, monthly, upon such estimates upon two separate pieces of grading done by the witness, and nothing in the testimony indicated any rashness, prevarication, or undue desire on the part of the witness to give or withhold

evidence of any fact within his knowledge, but the witness appeared to be fair and honest in his statements, while it would have been better to have shown by the witness distinctly his inability to testify without referring to the memorandum, the permission to the witness to refresh his recollection, allowed by the court, is not sufficient ground for a new trial.

When an interrogatory put to a witness calls for a statement of facts upon the personal knowledge of the witness after refreshing his recollection by reference to a memorandum, and the answer appears to be responsive in all respects to the question, the presumption, *prima facie*, is, that the evidence of the witness in reply to the interrogatory was given from his personal knowledge, distinct from, and independent of the memorandum.

The plaintiff contracted with defendant to do certain grading on the line of the Winona and St. Peter Railroad. Upon the completion of the work in the fall of 1867, an accounting and settlement was had between the parties, and a certain sum was paid the plaintiff as the balance due him on the contract, for which he executed his receipt to the defendant. The plaintiff brought this suit in the district court for Waseca county, alleging that a mistake occurred at the accounting and settlement, and that owing to such mistake a balance was still due him under the contract. The defendant denied these allegations, and the issues thus formed were tried before a jury, at the October term of said court 1870.

It appeared that the accounting and settlement was conducted by the plaintiff, in person, and on the part of the defendant, by Col. Andrew De Graff, his general managing agent, and Michael J. Toher, his book-keeper, the defendant himself being present some portions of the time.

The plaintiff, who was examined as a witness in his own behalf, after testifying to the performance of the contract on his part; the number of yards of grading done, as near as he could recollect; the gross amount received from the defendant therefor; that it was received in monthly payments, &c., said, "I kept memoranda of all I received from the defendant. I

set the amount down every month as received." After further examination upon other matters, a paper, which was marked exhibit " C," was shown the witness, and he said, " This is my original account. I kept it myself. I kept no account book. This was my only account. These are the original estimates. They are the payments I received. They are just and true. As soon as I received the amount I entered it. This is the on'y account I have." The witness was then asked by plaintiff's counsel the following question: " Using exhibit ' C ' to refresh your memory, state what amounts you have received ?" The defendant objected, upon the ground that no foundation had been laid; his objection was overruled; he excepted to the ruling, and the witness answered, using the paper as a memorandum. At the close of plaintiff's testimony, his attorney offered in evidence the paper exhibit " C," which was received, the defendant objecting, on the ground that it was improper and immaterial, and excepting to the ruling of the court under which it was admitted.

The paper exhibit " C " was a memorandum of the monthly payments to plaintiff by defendant, commencing November, 1866, and ending August, 1867, one entry for each month.

In the course of the examination of the plaintiff, in stating the details of the settlement, he also testified: " Toher was defendant's clerk and book-keeper. Toher had the books there. He drew out all he had in the books against me." Further on he says, " Says I to Toher, it would be a satisfaction to me for you to read the charges, and I to take them on a piece of paper, and he did so, and I took down every charge he had. After I took it, I offered to read it, and did read it back to Toher to see if it was correct. Colonel and Toher were together, and he compared it with the books, and he answered, it was the same." A paper which was marked exhibit "D" was shown the witness, and he said, "That is the same paper."

This exhibit ("D") was also received in evidence under the same objection as that made to exhibit "C."

The defendant's book-keeper, Toher, in his testimony as a witness for defendant, stated, "I read off the items on our books, and he, plaintiff, took them down, and they correspond exactly with his account, except the $168, which he did not have down; yet he thought something was wrong, and he and Col. De Graff took the books, and looked the account over again, and the Colonel dashed off the first item of $168, so as to separate it from the rest.  Madigan says, what did you do that for?  Colonel says, just to show you that it is the only charge we have which you have not."

Exhibit "D" is sufficiently described in the plaintiff's testimony, the first item on it being $168, and this being separated by a line from the succeeding items.

It appears from the evidence that exhibits "C" and "D," and the defendant's books, were all used during the settlement, and the defendant's books had been burned.

The jury found a verdict for the plaintiff, and the defendant appeals from the judgment entered thereon, insisting that the court below erred in admitting exhibits "C" and "D," and in allowing the plaintiff while testifying to use exhibit "C" to refresh his memory.

LEWIS BROWNELL and BRISBIN & PALMER, for Appellant.

B. S. LEWIS and BATCHELDER & BUCKHAM, for Respondent.

*By the Court.*—McMILLAN, J.—The plaintiff entered into a contract with the defendant, by which he was to do certain grading on the line of the Winona and St. Peter railroad.

Upon the completion of the work, the parties had an accounting and settlement, upon which a certain amount was

paid to the plaintiff as the balance due under the contract, for which the plaintiff executed to the defendant his receipt.

The plaintiff alleges a mistake in the settlement, and brings this action to recover an amount alleged to be due him. The answer of the defendant alleges a final settlement, denies any mistake.

It appears that the accounting between the parties occurred in the fall of 1867. The settlement was conducted by the plaintiff in person, and by Col. Andrew De Graff, the general managing agent, and Michael J. Toher, the book-keeper of defendant. Some portions of the time the defendant was present.

The plaintiff, having testified to various matters relating to the performance of the work provided for in the contract, stated, " I kept memoranda of all I received from the defendant, I set the amounts down every month as received." During the course of the further examination, a paper, exhibit C., was shown to him, and the witness said : " That is my original account. I kept it myself. I kept no account book. This was my only account. These are the original estimates. They are the payments I received. They are just and true. As soon as I received the amount, I entered it. This is the only account I have." Further stating the details of the settlement, the plaintiff says that, " Toher was his [defendant's] clerk and book-keeper, and had the books there. He drew out all he had in the books against me." The witness further states, " says I to Toher, it would be a satisfaction to me for you to read the charges, and I to take them on a piece of paper, and he did so, and I took down every charge he had. After I took it I offered to read it, and did read it back to Toher, to see if it was correct. Colonel and Toher were together, and he compared it with the books, and he answered, it was the same." Paper exhibit D. being here shown to the witness, he says, " That is the same paper."

Michael J. Toher, a witness for the defendant, in his testimony, states, " I read off the items on our books, and he [plaintiff,] took them down, and they corresponded exactly with his account, except the $168 which he did not have down; yet he thought something was wrong, and he and Col. De Graff took the books and looked the account over again, and the Colonel dashed off the first item of $168, so as to separate it from the rest. Madigan says, what did you do that for? Colonel says, just to show you that is the only charge we have which you have not." On the paper " exhibit D " in this case, the first item in the account is $168, and is separated by a line from the succeeding items in the account.

It clearly appears from the testimony, that the paper exhibit " D," is a statement taken from the defendant's book during the progress of the settlement, by the joint labors of the plaintiff and Toher, the defendant's clerk and book-keeper, who participated in the settlement, and compared and assented to as correct by Col. De Graff, the managing agent of the defendant, who conducted the settlement on his part, and that it, and exhibit " C," and the books of the defendant, were all used in the settlement, and together constituted the basis upon which the settlement was made.

The exhibits " C " and " D," therefore, were part of the *res gestae* in the accounting and settlement, and as such, are properly admissible in evidence.

The verification of exhibit " C " was not objected to by the defendant; the objection was to the exhibit itself, no purpose of its offer being stated by the plaintiff, if the verification was not proper, yet the fact that it was verified without objection did not render it incompetent or immaterial as part of the accounting.

It is true that as to exhibit " D," it did not fully appear at the time it was received in evidence, that it was used in con-

nection with the books, and exhibit " C," as a basis of the settlement; but it did appear that it was a statement furnished by the defendant's agents from the books during the settlement, and as a statement or declaration of the defendant made during the negotiations, would constitute part of the *res gestae;* but even if that were not so, as from the whole testimony, it appears that the exhibit " D " constitutes part of the basis of settlement used in the accounting, it was proper testimony.

The rule is, that when it appears from all the testimony that particular evidence is proper, although at the time it was received it was not strictly admissible, its reception will not be ground for a new trial.

We need not consider whether exhibit D was admissible on the ground of the destruction of the books.

We are of opinion for the reasons stated, that exhibits C and D are competent evidence, and that their reception is not ground for a new trial.

Before exhibit C, (the plaintiff's statement,) was offered in evidence, but after it had been identified and verified by the witness, Madigan, as above stated, the plaintiff's counsel put to him the following question, " Using exhibit C, to refresh your memory, state what amounts you have received ?" Which was objected to by the defendant, " because no foundation is laid for such evidence." The objection was overruled, and the defendant excepted.

Any statement responsive to this interrogatory would be made of the witness' own knowledge, and there is nothing in the answer received from the witness in this instance, to indicate that it was not made of his personal knowledge. It is true as a general rule, that a witness should not be referred to a memorandum to refresh his recollection, until it appears that the witness cannot testify satisfactorily, at least, without refreshing his memory; and where a witness does not suggest any

want of recollection, nor express any desire to refresh his memory, nor manifest by the answers he gives any lack of ability to answer fully and specifically, it would not be error for the court to refuse to permit him to look at a paper, at the solicitation of counsel. *Young vs. Catlett*, 6 *Duer*, 437.

But whether a witness shall be permitted to refresh his recollection before testifying, is a question of a preliminary nature addressed to the court, and when a witness is permitted by the court to refresh his recollection by reference to proper data, unless there is something to show clearly that the court erred, an appellate court should not grant a new trial.

There can be no doubt that the memorandum made use of in this case was a proper one to be referred to by the witness to refresh his memory. The transactions which were the subject of inquiry, transpired three or four years previous to the trial, and covered a period of a year, and embraced a number of estimates, made monthly, and amounts of money paid to the witness monthly upon such estimates, upon two separate portions of grading done by the plaintiff. It is not at all unreasonable, under such circumstances, that the unaided recollection of the witness, as to dates and amounts, should be uncertain, indistinct and confused, and that his memory would be refreshed by a reference to a memorandum like the one used here.

There is nothing in the testimony indicating any rashness, prevarication, or undue desire on the part of the witness to give or withhold any fact within his knowledge; on the contrary, the witness appears to be fair and honest in his statements, as he believes them. If he could have testified to the matter inquired of from his unaided recollection, he had sufficient opportunity to state that fact, and remained silent.

While it would have been better to have shown by the witness his inability to testify without referring to the memorandum, we think under the circumstances, the permission to

refresh his recollection, as allowed by the court in this case, is not sufficient ground for a new trial. *Feeter vs. Heath,* 11 *Wend.* 479.

As the interrogatory put to the witness called for a statement of facts upon the personal knowledge of the witness after refreshing his recollection by referring to the memorandum, and the answer appears to be responsive in all respects, the presumption *prima facie,* is, that the evidence of the witness in reply to the interrogatory was given from his personal knowledge, distinct from, and independent of the memorandum; if the defendant was not satisfied that the witness thus answered, it was his privilege to show that fact by a cross-examination of the witness, either before his answer, or upon the general cross-examination; this he did not do. It sufficiently appears, therefore, that the testimony of the witness was of his personal knowledge.

These views cover and dispose of all the points discussed in the appellant's brief.

The mere suggestion that "the verdict is against the preponderance of evidence, and that there was error in the charge" which was excepted to, does not present to us any error in the proceedings.

The judgment appealed from is affirmed.