## MICHAEL R. LAWRENCE v. STATE.

169 N. W. (2d) 59.

June 27, 1969—No. 41358.

*C. Paul Jones,* State Public Defender, and *Robert E. Oliphant,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* Assistant County Attorney, for respondent.

Heard before Nelson, Murphy, Otis, Sheran, and Frank T. Gallagher, JJ.

PER CURIAM.

In January 1961, defendant pled guilty to grand larceny in the first degree and was sentenced to a term of up to 10 years in the St. Cloud Reformatory. In 1967, he commenced postconviction proceedings to set aside his plea of guilty. The matter was heard in district court without testimony. Only a question of law was raised. The petition was denied. This appeal followed.

This prosecution arose out of defendant's participation with his brother and a service station attendant in a fictitious robbery. The attendant furnished a gun and automobile for simulating a holdup. Defendant obtained from the attendant the sum of $144 which belonged to the proprietor of the service station.

The information recited that defendant did in the nighttime take, steal, and carry away from a certain building $144, which was the property and in the lawful possession of one Daniel Youngquist, with the intent to deprive the owner of his property and to appropriate it for defendant's use. The statutes then applicable were Minn. St. 1961, §§ 622.01(2), 622.05(2), and 622.06.[1]

1. Defendant argues that he should have been charged as an acces-

---

[1] The offense for which defendant was sentenced is now governed by Minn. St. 609.52 and is punishable by a term not exceeding 5 years.

sory to an embezzlement which he contends would have constituted only grand larceny in the second degree, punishable by a term not exceeding 5 years under § 622.06. He reasons that § 622.01(2) defined embezzlement as a larceny not coming within § 622.05. Section 622.05(2) provided as follows:

"Every person who shall steal, or unlawfully obtain or appropriate in any manner specified in this chapter:

\* \* \* \* \*

"(2) Property of the value of more than $25 by *taking* the same *in the nighttime* from any dwelling house, office, bank, shop, warehouse, vessel, railway car, or any building of any kind or description; \* \* \*

\* \* \* \* \*

"Shall be guilty of grand larceny in the first degree and punished by imprisonment in the state prison for not less than one year nor more than ten years." (Italics supplied.)

Defendant argues with some force that because the attendant embezzled the owner's money, there was no "taking" but only an "appropriation." This question was laid to rest in State v. McCartey, 17 Minn. 54 (76). There, the defendant was charged with larceny for appropriating property in collaboration with an employee of the owner. Defendant asserted that he was merely an accessory to an embezzlement. However, we held otherwise, stating (17 Minn. 60 [83]):

"It is argued (as we understand defendant's counsel) that larceny necessarily involves a trespass, and that there was no trespass here, because the flour taken was in the possession of Young by virtue of his employment, and defendant took it with Young's consent. The evidence, however, showed that Young was a mere servant of the proprietors of the mill, so that he had only a *custody* of the flour, the *possession* being in his masters. \* \* \* It will hardly be claimed that there was no evidence tending to show that the flour was taken without the consent of such proprietors, and without any authority from them. If so taken, the taking of it involved a trespass, notwithstanding the servant who had the custody thereof consented to the taking."

We reached a similar result in State v. Mancino, 257 Minn. 580, 589, 102 N. W. (2d) 504, 510, and are of the opinion that in the instant case, as the statute applies to this defendant, the activity of the attendant was simply the means by which the "taking" was accomplished.

2. There is merit in defendant's contention that whether or not the offense occurred in the nighttime has little relevance. It is difficult to justify such a severe penalty for a wrongful conversion of property

which involved neither violence nor the threat of violence. Indeed, the state, hard-pressed to rationalize its position, is content to argue:

"* * * [I]t is the prerogative of the Legislature to define and classify crimes. * * *

\* \* \* \* \*

"Appellant simply has chosen the wrong forum for his tardy attempt to re-write the larceny provisions of the old Criminal Code."

For this reason we are of the opinion that the interests of justice would have been better served had defendant been charged with larceny in the second degree. However, we are not at liberty to read out of the statute conditions imposed by the legislature. Consequently, we leave to the releasing authorities the resolution of what we regard as an unduly harsh application of the Penal Code.

Affirmed.